IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-725-SLR |
| | ) |
| MARTIN O'CONNOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of November, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that all pending motions (D.I. 5, 6, 7) are denied as moot and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Detlef F. Hartmann ("plaintiff") filed this civil action on August 26, 2010, alleging civil rights violations, racketeering, and violations of the Americans with Disabilities Act. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal

conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff raises various claims against Delaware judges, Delaware deputy attorneys general, Carl Danberg ("Danberg") Commissioner of the Delaware Department of Correction ("DOC"), and Karl Hines ("Hines"), Bureau Chief of Community Corrections. Claim one alleges that Delaware deputy attorney general Martin O'Connor ("O'Connor"), Superior Court Judges James T. Vaughn, Jr. ("Judge

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Vaughn")[2] and Robert B. Young ("Judge Young")[3], and Delaware Supreme Court Justices Randy J. Holland ("Justice Holland"), Carolyn Berger ("Justice Berger"), and Henry DuPont Ridgely ("Justice Ridgely") "denied or omitted merits of mandated procedural due process for [a] family law case" that caused a "fraudulently brought criminal case against plaintiff" since December 1, 1999, and this denied him equal protection of the laws.[4] Claim two alleges that Justices Holland, Berger, and Ridgely denied plaintiff his right to due process and equal protection when, on March 18, 2009, they denied a writ of prohibition.[5] Claim three alleges that "in the Delaware courts below since February 2009" Danberg, Hines, Judge Young, and Justices Holland, Berger, and Ridgely denied or omitted "constitutional rights through libraries and the internet when there was no conviction [sic] of their use." Claim four alleges that Judge Young, and Justices Holland, Berger, and Ridgely, failed to "uphold, train, control, and supervise the public and government employees John Doe I ("Doe") on the disabled rights of plaintiff." Claims five and six repeat the allegations of claim four, except the claims are raised on behalf of class members and pro se class members. Claim seven alleges that the conduct shows racketeering.

---

[2]Judge Vaughn is incorrectly named as "John" Vaughn. Judge Vaughn is the Delaware Superior Court President Judge.

[3]Judge Young is incorrectly named as "John" Young.

[4]In March 2001, plaintiff pled guilty to one count of unlawful sexual intercourse in the second degree and two counts of unlawful sexual contact. *Hartmann v. State*, 818 A.2d 970, 2003 WL 1524623 (Del. 2003).

[5]The denial of the writ of prohibition is found *In the Matter of the Petition of Detlef F. Hartmann for a Writ of Prohibition*, 970 A.2d 256, 2009 WL 695551 (Del. 2009).

7. **Deficient Pleading**. Initially, the court notes that the complaint is deficiently pled. The sparse allegations contain legal conclusions with little to no supporting facts. Moreover, the facts that are pled are insufficient to show that plaintiff has a "plausible claim for relief." Because the complaint does not does not meet the pleading requirements of *Iqbal*, the court will dismiss the complaint. The complaint must also be dismissed for other reasons, as discussed below.

8. **Statute of Limitations**. It is clear from the face of the complaint that claim one is barred by the two-year statute of limitations. In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Plaintiff alleges that the unlawful conduct in bringing a "fraudulent" criminal case occurred December 1, 1999.

9. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published). For the above reasons, the court will dismiss claim one as time-barred.

10. **Habeas Corpus**. Plaintiff remains on monitored supervision with a scheduled release date of June 2012. *See* https://www.vinelink.com. To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citing *Heck*, 512 U.S. at 486-87.)

11. Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Moreover, claim one presents the type of claims addressed in *Heck*; that is, a finding that plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. For the above reasons, the court will dismiss claim one as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

12. **Judicial Immunity**. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). In claims one, two, and three plaintiff takes exception to rulings and actions by judicial officers. There are no allegations are unrelated to actions taken as judicial officers. Nor do the facts suggest that any defendant judicial officer acted in the absence of jurisdiction. For the above reasons, the court will dismiss as frivolous the claims against Judges Vaughn and Young and Justices Holland, Berger, and Ridgely.

13. **Access to Courts**. Claim three appears to allege denial of access to libraries and the internet.[6] Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415. Plaintiff fails

---

[6]In addition, it appears that claim three is barred by issue preclusion inasmuch as plaintiff attempted to raise the same claim in State court. *See Hartmann v. Sibbold*, 3 A.3d 1097, 2010 WL 3397482 (Del. 2010) (affirming dismissal of complaint that alleged, in part, denial of access to legal materials and claims against the Superior Court for barring plaintiff's access to the internet).

to allege that his lack of access to the library and to the internet impeded his pursuit of a nonfrivolous claim. Therefore, the court will dismiss claim three.

14. **Americans With Disabilities Act.** Claims four, five, and six raise, in a vague and conclusory manner, the failure to uphold, train, control, and supervise the public and government employees on the disabled rights of plaintiff. The pleading elements of a prima facie case of disability discrimination under Title II of the ADA, require plaintiff to allege that: (1) he or she is a qualified individual with a disability within the meaning of the statute; (2) he or she is being excluded from participation in, or is being denied the benefits of the services, programs, or activities of a covered entity, or is otherwise being discriminated against by the entity; and (3) such exclusion, denial of benefits, or discrimination is due to the plaintiff's disability. *Cornell Companies, Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 262-63 (E.D. Pa. 2007) (citations omitted); see 42 U.S.C. § 12131(2). Plaintiff's ADA claim is inadequately pled. In addition, it is frivolous.

15. To the extent plaintiff attempts to raise a respondeat superior claim pursuant to 42 U.S.C. § 1983 for failure to "uphold, train, control, and supervise" the claim fails. It is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 129 S.Ct. 1948; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). For the above reasons, the court will dismiss as frivolous claims four, five, and six.

16. **Racketeering.** While not clear, it appears that plaintiff attempts to raise a RICO violation in claim seven. To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum*

v. *Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts," such as mail or wire fraud. *Id.;* 18 U.S.C. § 1961(1),(5). Plaintiff's racketeering allegations are woefully inadequate. Indeed, the allegations do not even hint at a plausible claim for relief. Accordingly, the court will dismiss claim seven.

17. **Conclusion.** For the above reasons, the request for counsel, motion for state court records, and motion to intervene in a state criminal case are denied as moot, and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE